UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| GUILLERMO RUIZ-GARCIA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-427-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| D. L. STINE, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Guillermo Ruiz-Garcia is currently incarcerated at the United States Prison-McCreary ("USP-McCreary"), located in Pine Knot, Kentucky. He has filed a *pro se* civil rights action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Plaintiff has also filed a motion to proceed *in forma pauperis* [Record No. 4] which the Court will address by separate Order. This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the Plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

-1-

## II.     DISCUSSION

Under *Bivens*, a plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

The Plaintiff asserts three claims against Defendant D. L . Stine, the Warden of USP-McCreary. First, he alleges that on November 27, 2007, Warden Stine denied him due process of law by placing him in a segregated housing unit ("SHU") without affording him a hearing.[1] This claim falls under the Fifth Amendment of the United States Constitution. Second, the Plaintiff challenges the conditions of his confinement at USP-McCreary. In particular, he alleges that Warden Stine "kidnaped" him by placing him in the SHU and that the confinement in the SHU constitutes psychological torture. This claims falls under the Eighth Amendment of the United States Constitution. Finally, he complains that while being confined in the SHU, he was denied access to legal materials and the prison law library. This claim falls under the First Amendment of the United States Constitution.

For the reasons discussed herein, the Court finds that the Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, it will be dismissed with prejudice.

---

[1]     In the Complaint, the plaintiff also identifies five (5) documents which he claims that he served upon Warden Stine. None of the documents appear to have any relation to the Plaintiff's underlying Complaint.

### A.     Fifth and Eighth Amendment Claims

With respect to the claim regarding being placed in the SHU, the Plaintiff has failed to state a cognizable claim because an inmate's freedom from segregation is not a constitutionally-protected liberty interest under the Due Process Clause. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *see also Smith v. Sapp*, 156 F.3d 1232, 1998 WL 384620 (6th Cir. June 19, 1998) (prisoner "cannot invoke the procedural safeguards of the Due Process Clause as to those incident reports resulting in his placement in disciplinary segregation because he has no liberty interest, state-created or otherwise, in remaining free of disciplinary segregation").

Further, the Plaintiff has failed to state a claim under the Eighth Amendment. The Supreme Court has established that in order for any condition of confinement to qualify as an Eighth Amendment violation, the condition must impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).[2]  Moreover, a plaintiff must demonstrate the existence of a severe deprivation, such as the denial of "essential food, medical care, or sanitation" or "other

---

[2]     In *Sandin*, a state prisoner challenged his thirty day sentence to segregation after the prison adjustment committee followed a prison regulation in determining Sandin's guilt. The question was whether the regulation created a liberty interest which would have entitled him to substantial due process procedures established in *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974). The Supreme Court determined that neither the Due Process Clause nor the Hawaii prison regulation at issue presented a liberty interest sufficient to trigger due process procedural protections set forth in *Wolff*. The Court stated that " . . . Conner's discipline in segregated confinement did not represent the type of atypical, significant deprivation in which a state might conceivably create a liberty interest . . ." *Id.* at 483-84. *Sandin* focused on the nature of the deprivation, not the content of the regulations. *Id.* at 481.

conditions intolerable for prison confinement." *Neal v. Miller*, 778 F. Supp. 378, 382-83 (W. D. Mich. 1991) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981)).

Here, the Plaintiff has neither informed the Court as to the length of time he was confined in the SHU, nor advised as to whether he is still confined in the SHU. The only information provided is that the segregation began on November 27, 2007. However, even if the Plaintiff has been confined in SHU since November 27, 2007, his claim fails.

In *Sandin*, the Supreme Court stated that housing assignments and classification decisions (such as extended placement in disciplinary segregation and transfers to higher security prisons) are "ordinary incidents of prison life." *Sandin*, 515 U.S. at 483; *see also Merchant v. Hawk-Sawyer*, 37 Fed. Appx. 143, 145 (6th Cir. 2002); *Whitford v. Boglino*, 63 F.3d 527, 532-33 (7th Cir.1995) (six-month confinement in disciplinary confinement was not an atypical and significant hardship under *Sandin*); *Scales v. District of Columbia*, 894 F. Supp. 14 (D.D.C. 1995) (four months insufficient); *Winters v. Godinez*, 1995 WL 382505 (N.D. Ill. 1995) (six months insufficient); *Stone-Bey v. Barnes*, 913 F. Supp. 1226 (N. D. Ind. 1996) (one year insufficient); *Carter v. Carriero*, 905 F. Supp. 99 (W.D.N.Y. 1995) (nine months insufficient).

Further, the Plaintiff has not alleged the loss of any good time credits demonstrating that the segregation imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484-86; *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997); *Wilson v. Wellman*, 238 F.3d 426, 2000 WL 1829265, *3 (6th Cir. December 6, 2000); *Ford v. Harvey*, 106 Fed. Appx. 397 (6th Cir. 2004) (State prisoner's placement in disciplinary confinement did not implicate a liberty interest entitled to due process protection, where it was

neither accompanied by loss of good time credits nor lasted for a significant period of time causing an unusual hardship on prisoner). Therefore, the Court finds that the Plaintiff's confinement in the SHU does not constitute a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[3]

Accordingly, the Plaintiff's alleged claims under the Fifth and Eighth Amendments will be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

### B. First Amendment Claim

The Plaintiff alleges, in very broad terms, that he has been denied access to the courts by reason of his confinement in the SHU. In order to establish a claim for denial of access to the courts, an inmate must demonstrate an actual injury to a non-frivolous legal proceeding concerning his conviction or prison conditions. *See Lewis v. Casey*, 518 U.S. 343, 351-55 (1996). Here, the Plaintiff has suffered no injury as a result of the alleged inability to communicate with the Court inasmuch as he has filed the instant action. Therefore, the Court will dismiss the construed First Amendment claim.

---

[3] Placement in segregation is a routine discomfort of prison life, and that action alone is insufficient to support an Eighth Amendment claim. *See Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (housing plaintiff in cellblock where he experienced frequent lockdowns, restricted access to law library, denial of educational opportunities, and loss of social and rehabilitative activities did not impose atypical and significant hardships); *Williams v. Ramos*, 71 F.3d 1246, 1248-49 (7th Cir. 1995) (holding that segregation unit in which plaintiff was generally locked in cell 24 hours per day, was handcuffed if permitted to leave, and precluded from activities available to other inmates did not violate Constitution); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994) (finding that confining prisoners to cells twenty-three hours per day did not violate the Eighth Amendment absent other aggravating conditions); and *Collazo-Leon v. United States Bureau of Prisons*, 51 F.3d 315, 316, n.1, 317 (1st Cir. 1995) (holding that imposition of sixty-day term of disciplinary segregation, entailing lockdown twenty-three hours a day, as result of attempted bribe and attempted escape did not amount to impermissible punishment of pretrial detainee).

### III. CONCLUSION

The Court being sufficiently advised, and for the reasons discussed above, it is hereby

**ORDERED** as follows:

(1) The Plaintiff's First, Fifth and Eighth Amendment claims asserted in the complaint [Record No. 2] are **DISMISSED**, with prejudice.

(2) This action is **DISMISSED** from the Court's active docket.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant.

This 24th day of January, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge