UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| GUILLERMO RUIZ-GARCIA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-427-DCR |
| ) | |
| V. ) | |
| ) | |
| D. L. STINE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Guillermo Ruiz-Garcia is currently incarcerated at the United States Prison-McCreary ("USP-McCreary"), located in Pine Knot, Kentucky. He filed a prisoner *pro se* civil rights action pursuant to 28 U.S.C. § 1331 under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). On January 24, 2008, the Court entered a Memorandum Opinion and Order and Judgment dismissing the *Bivens* complaint for failure to state a claim upon which relief could be granted. [Record Nos. 6 and 7].

On February 11, 2008, the Plaintiff filed a two documents. The first document was a letter addressed to the Court, entitled "Actual and Constructive Notice." [Record No. 9] In the letter, the Plaintiff states that when he received a copy of the opinion dismissing this action, the metered postage on the envelope was not properly stamped "canceled." He alleges that, based on the absence of a "canceled" stamp, a crime has been committed.

The second document filed by the Plaintiff is a letter addressed to the Court referencing a "Payment Order" entered on January 24, 2008. [Record No. 10] The Plaintiff has attached a

copy of the "Payment Order" to the letter.  He has hand-written the following words on the "Payment Order:"

> Accepted for value and honor exempt from levy for my remedy, release of the proceeds, products, accounts, and fixtures in the order(s) to me immediately in the accordance with the public policy, HIR-192, UCC10-104 and UCC 1-104
> Exemption ID # 24845858
> UCC Contract Acct # 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
> Value $350.00          Date January 30, 2008

[Record No 10]

To the extent the Plaintiff intends for these letters to constitute a motion to reconsider the Memorandum Opinion and Order and Judgment dismissing the *Bivens* complaint and/or the "Payment Order," the Court will deny the motion(s).  The Plaintiff has provided no authority under Rule 59(e) of the Federal Rules of Civil Procedure for the Court to reconsider either the Memorandum Opinion and Order, the Judgment [Record Nos. 6 and 7] or the Payment Order.[1]

 [Record No. 8]

The Clerk of the Court processes outgoing mail in accordance with all applicable postal regulations.  This process includes use of a properly-registered and functioning postage meter. Inasmuch as the Plaintiff has filed the instant letters, it is apparent that he received copies of the Court's orders by delivery through the United States Postal Service.

Accordingly, it is hereby

---

[1] Under Rule 59(e), there are three grounds for a court to amend its judgment:  (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice.  *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A Rule 59 motion is not an opportunity to reargue a case.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367 (6th Cir. 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

**ORDERED** that the Plaintiff's letters filed on February 11, 2008, [Record Nos. 9, 10] which the Court has construed as motions to reconsider, are **DENIED**.

This 15th day of February, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge